UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN IVY, CDCR #AG-0930,<br><br>                              Plaintiff,<br><br>vs.<br><br>C/O P. WINGO, Correctional Officer; K. COTTRELL, Correctional Hearing Lt.; S. ANDERSON, Chief Disciplinary Officer; M. POLLARD, Warden,<br><br>                              Defendants. | Case No.:  3:20-cv-01345-CAB-AHG<br><br>**ORDER DISMISSING CIVIL ACTION FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)(B) AND § 1915A(b) AND FOR FAILING TO PROSECUTE IN COMPLIANCE WITH COURT ORDERS REQUIRING AMENDMENT** |

Plaintiff John Ivy, incarcerated at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, is proceeding pro se in this civil rights action, filed pursuant to 42 U.S.C. § 1983. In his Complaint, Ivy claimed several RJD officials violated his First, Eighth, and Fourteenth Amendment rights after a contraband phone was discovered in his cell on June 26, 2019. *See* Compl., ECF No. 1 at 3–7. Ivy alleged Defendants conspired and retaliated against him and violated his right to due process by employing "illegal policy procedures" during the disciplinary proceedings that followed discovery of the contraband phone. *Id.* He sought declaratory relief, general and punitive damages according to proof, and demanded a jury trial. *Id.* at 8.

## I. Procedural Background

On September 24, 2020, the Court granted Ivy's Motion to Proceed IFP, conducted its mandatory initial screening of his Complaint, and dismissed it *sua sponte* for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b). *See* ECF No. 4. The Court also granted Ivy leave to amend and directed him to file an Amended Complaint that addressed all the deficiencies of pleading it identified within 45 days. *Id.* at 18; *see also Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured.") (citations omitted)). Ivy was further cautioned that if he did not "take advantage of the opportunity to fix his complaint, [the] court [would] convert the dismissal of the complaint into a dismissal of the entire action." *See* ECF No. 4 at 18 (quoting *Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005)).

On November 6, 2020, well before his Amended Complaint was due, Ivy filed a motion requesting a 90-day extension of time. *See* ECF No. 7. The Court granted Ivy's Motion in part—giving him until December 23, 2020 to amend. *See* ECF No. 8. Ivy failed to comply, and instead, on January 6, 2021, filed a second motion seeking an extension of time. *See* ECF No. 9. The Court also granted that motion, and directed Ivy to file his Amended Complaint on or before February 5, 2021—essentially giving him the full 90 ninety-day extension he first requested. *See* ECF No. 10.

More than a month has elapsed since Ivy's Amended Complaint was due, and a full five months have passed since the Court first dismissed his original Complaint on September 24, 2020. But Ivy has still failed to file an Amended Complaint, and has not requested additional extension of time in which to do so. "The failure of the plaintiff eventually to respond to the court's ultimatum–either by amending the complaint or by indicating to the court that [he] will not do so–is properly met with the sanction of a Rule 41(b) dismissal." *Edwards v. Marin Park*, 356 F.3d 1058, 1065 (9th Cir. 2004).

/ / /

## II. Conclusion and Order

Accordingly, the Court **DISMISSES** this civil action in its entirety based on Ivy's failure to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b), and his failure to prosecute pursuant to Fed. R. Civ. P. 41(b) in compliance with the Court's September 24, 2020, November 9, 2020, and January 6, 2021 Orders.

The Court further **CERTIFIES** that an IFP appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) and **DIRECTS** the Clerk of the Court to enter a final judgment of dismissal and to close the file.

**IT IS SO ORDERED**.

Dated:  March 8, 2021

_____
Hon. Cathy Ann Bencivengo
United States District Judge